1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, State Bar No. 144074
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, CA 91367
   Telephone: (818) 347-3333
4  Facsimile: (818) 347-4118

5  Attorneys for Plaintiff A.I.H.

6  THE LAW OFFICES OF JOHN BURTON
   John Burton, State Bar No. 86029
7  jb@johnburtonlaw.com
   128 North Fair Oaks Avenue
8  Pasadena, California   91103
   Telephone:   (626) 449-8300
9  Facsimile:    (626)448-4417

10 Attorneys for Plaintiffs A.A.H. and A.H.

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15 MIGUEL HERNANDEZ, ANNA HERNANDEZ, A.A.H., a minor, and A.H., a minor, by and through their guardian ad litem, CELIA HERNANDEZ, individually and as successors in interest to MIGUEL A. HERNANDEZ, deceased, and A.I.H., a minor, by and through his guardian ad litem, LAKEN TAMBUNTING, individually and as successor in interest to MIGUEL A. HERNANDEZ, deceased, | Case No. |
| | **COMPLAINT FOR DAMAGES** |
| | 1. Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983) |
| | 2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983) |
| | 3. Substantive Due Process (42 U.S.C. § 1983) |
| | 4. Municipal Liability – Ratification (42 U.S.C. § 1983) |
| Plaintiffs, | 5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983) |
| v. | 6. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) |
| COUNTY OF LOS ANGELES; NATHAN GILLESPIE; and DOES 1-10, inclusive, | 7. Cal. Civ. Code § 52.1 (Survival) |
| | 8. False Arrest/False Imprisonment |
| | 9. Battery (Wrongful Death) |
| | 10. Negligence (Wrongful Death) |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

-2-

**JURISDICTION AND VENUE**

1.      This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs' state-law claims are so related that they form part of the same case or controversy and are within the supplemental jurisdiction of the Court pursuant to § 1367.

2.      Plaintiffs' claims arise out of a course of conduct involving officials of the Los Angeles Sheriff's Department (LASD) in the County of Los Angeles, State of California, and within this judicial district.

**PARTIES**

**A.      Plaintiffs**

3.      Miguel A. Hernandez is the Decedent in this wrongful-death, civil-rights action.

4.      Plaintiffs Miguel Hernandez and Anna Hernandez are adults competent to bring this action under § 1983 and the Fourteenth Amendment as Decedent's parents.

5.      Celia Hernandez is the mother of two of Decedent's three children, Plaintiffs A.A.H. and A.H., both minors. She appears as their guardian ad litem, representing them both individually and as Decedent's successors in interest pursuant to Cal. Civ. Proc. Code § 377.60(a).

6.      Laken Tambunting is the mother of Decedent's third child, Plaintiff A.I.H., a minor. She appears as his guardian ad litem, representing him both individually and as Decedent's successor in interest pursuant to Cal. Civ. Proc. Code § 377.60(a).

**B.      Defendants**

7.      Defendant County of Los Angeles ("County") is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors and Sheriff, and their agents and officers.

8.     Defendant Nathan Gillespie ("Gillespie") is a sheriff's deputy working for the Los Angeles County Sheriff's Department. In committing the acts alleged, he acted within the scope of his employment and under color of state law.

9.     Defendants Does 1-5 (Doe Officers) are sheriff's deputies for the Los Angeles County Sheriff's Department. Doe Officers were acting under the color of law within the course and scope of their duties as sheriff's deputies for the Los Angeles County Sheriff's Department. Doe Officers were acting with the complete authority and ratification of their principal, Defendant County.

10.     Defendants Does 6-8 are supervisory officers for the Los Angeles County Sheriff's Department who were acting under color of law within the course and scope of their duties as sheriff's deputies for the Los Angeles County Sheriff's Department. Does 6-8 were acting with the complete authority and ratification of their principal, Defendant County.

11.     Defendants Does 9-10 are managerial, supervisorial, and policymaking employees of the Los Angeles County Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Los Angeles County Sheriff's Department. Does 9-10 were acting with the complete authority and ratification of their principal, Defendant County.

12.     On information and belief, Defendants Gillespie and Does 1-10 were residents of the County of Los Angeles.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants Gillespie and Does 1-10 were acting on the implied and actual permission and consent of the County.

14.     The true names of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names.

-4-

Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     All defendants acted in concert, within the scope of their respective employments and agencies, and under color of California law. Each had the duty and the opportunity to intervene to prevent the others from depriving Plaintiffs of their constitutional rights and chose not to do so.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     Plaintiffs timely filed the appropriate administrative claims, which have been denied. This lawsuit is timely.

## FACTS

17.     On January 14, 2016, between 7:30 and 8:00 in the evening, Decedent was lawfully driving on Shangri-La Drive in Santa Clarita. He was not doing anything suspicious, and was not engaged in any criminal conduct. Gillespie effected a traffic stop as Decedent was turning left onto Nathan Hill Drive. There was no reasonable suspicion or probable cause for the traffic stop, which therefore violated the Fourth Amendment.

18.     After complying with Gillespie's directions by stopping the car, Decedent opened the door and got out, asking the deputy why he had been stopped. In doing so, Decedent was exercising his First-Amendment right to question the legality of police conduct. Frequently motorists get out of their cars when stopped, just as officers are allowed to order them out of the car. Decedent had nothing in his hands and was not belligerent. He was a safe distance away from Deputy Gillespie, and Deputy Gillespie had cover available.

19.     Deputy Gillespie unnecessarily withdrew his firearm and pointed it at Decedent, ordering him back into the car. As Decedent turned toward the car to comply with Gillespie's instruction to get back in his vehicle, Gillespie fired one round, hitting Decedent in the left shoulder. The bullet traveled through the left upper lung and severed the superior vena cava before coming to rest in Decedent's right chest. He then fell to the ground. Deputy Gillespie then placed his body weight on Decedent rather than begin to apply first aid, and did not summon medical aid promptly.   By the time medical responders arrived and transported Decedent to the hospital it was too late to save his life.

## FIRST CLAIM FOR RELIEF

Fourth Amendment – Detention and Arrest

(42 U.S.C. § 1983)

(Plaintiffs A.A.H., A.H., and A.I.H. against Defendants Gillespie and Doe Officers)

20.     The foregoing allegations are incorporated as if re-alleged herein.

21.     Defendants Gillespie and Doe Officers detained Decedent without reasonable suspicion and arrested him without probable cause.

22.     When Defendants Gillespie and Doe Officers pointed a firearm at Decedent, shot Decedent, and placed him in handcuffs, they violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23.     The conduct of Defendants Gillespie and Doe Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants Gillespie and Doe Officers.

//

-6-

24. As a result of their misconduct, Defendants Gillespie and Doe Officers are liable for Decedent's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

25. Plaintiffs bring this claim individually and as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's rights.

26. Plaintiffs seek damages for Decedent's pain and suffering and loss of enjoyment of life.

27. Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking funeral and burial expenses and loss of financial support.

## SECOND CLAIM FOR RELIEF

Fourth Amendment – Excessive Force

(42 U.S.C. § 1983)

(Plaintiffs A.A.H., A.H, and A.I.H against Defendants Gillespie and Doe Officers)

28. The foregoing allegations are incorporated as if re-alleged herein.

29. When Defendants Gillespie and Doe Officers unnecessarily pointed a firearm at Decedent, and then shot and killed Decedent, they deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. Defendants Gillespie's and Doe Officers' shooting of Decedent was excessive and unreasonable, especially because Decedent was unarmed, not engaged in any criminal conduct, and did not pose an imminent threat of death or serious bodily injury to Defendant Gillespie, to any Doe Officer, or to anyone else.

-7-

31.     As a result of the conduct of Defendants Gillespie and Doe Officers, Decedent died.

32.     Defendants Gillespie's and Doe Officers' shooting of Decedent violated their training, POST standards, and the constitutional threshold of *Tennessee v. Gardner.*

33.     The conduct of Defendants Gillespie and Doe Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

34.     Each of the Doe Defendants integrally participated in, or failed to intervene in, the conduct described above.

35.     Plaintiffs bring this claim individually and as successors in interest to Decedent, and seek both survival and wrongful-death damages for the violation of Decedent's rights.

36.     Plaintiffs seek damages for Decedent's pain and suffering and loss of enjoyment of life.

37.     Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking funeral and burial expenses and loss of financial support.

## THIRD CLAIM FOR RELIEF

Fourteenth Amendment – Substantive Due Process

(42 U.S.C. § 1983)

(All Plaintiffs Against Defendants Gillespie and Does)

38.     The foregoing allegations are incorporated as if re-alleged herein.

39.     Plaintiffs had cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial

-8-

relationship with Decedent.

40.     Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

41.     The aforementioned actions of Defendants Gillespie and Does, along with other as yet undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

42.     Specifically, the following conduct of the Defendants Gillespie and Does shocks the conscience:

(a) shooting at an unarmed person;

(b) shooting at a non-dangerous person;

(c) shooting at a person when that person did not pose a threat;

(d) applying pressure to the body of someone who has just been shot;

(e) failing to summon medical care promptly;

(f)   integrally participating in or failing to intervene in the above misconduct; and

(g) all of the above acts together.

43.     Defendants Gillespie and Does acted under color of state law.

44.     Defendants Gillespie and Does violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

45.     As a direct and proximate cause of the acts of Defendants Gillespie and Does, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, their loved one and family member,

-9-

and they will continue to be so deprived for the remainder of their natural lives.

46.     As a direct and proximate cause of the acts of Defendants Gillespie and Does, Decedent experienced severe pain and suffering and loss of enjoyment of life.

47.     The conduct of Defendants Gillespie and Does was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages.

48.     Plaintiffs A.A.H., A.H. and A.I.H. bring this claim individually and as successors in interest to Decedent, and seek wrongful death and survival damages for the violation of Decedent's rights.

49.     Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## FOURTH CLAIM FOR RELIEF

Municipal Liability – Ratification

(42 U.S.C. § 1983)

(All Plaintiffs Against Defendant County and Does 6-10)

50.     The foregoing allegations are incorporated as if re-alleged herein.

51.     Defendants Gillespie and Does acted under color of law, and their acts deprived the Decedent and Plaintiffs of their particular rights under the United States Constitution.

52.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants Gillespie and Does, ratified (or will ratify) their acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts.

53.     Upon information and belief, a final policymaker has determined (or will

-10-

determine) that the acts of the Defendants Gillespie and Does were "within policy."

54.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

55.     Accordingly, Defendant County is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

56.     Plaintiffs A.A.H, A.H., and A.I.H. bring this claim individually and as successors-in-interest to Decedent, and seek both survival and wrongful death damages under this claim.

57.     Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## FIFTH CLAIM FOR RELIEF

Municipal Liability – Failure to Train

(42 U.S.C. § 1983)

(All Plaintiffs Against Defendant County and Does 6-10)

58.     The foregoing allegations are incorporated as if re-alleged herein.

59.     Defendants Gillespie and Does acted under color of law, and their acts deprived the Decedent and Plaintiffs of their particular rights under the United States Constitution.

60.     The training of Defendant County was not adequate to train its Sheriff's deputies to handle the usual and recurring situations with which they must deal.

61.     Defendant County was deliberately indifferent to the obvious consequences of their failure to train Sheriff's deputies adequately.

62.     The failure of Defendant County to provide adequate training caused the

-11-

deprivation of Decedent's and Plaintiffs' rights by Defendants Gillespie and Does; that is, the failure to train is so closely related to the deprivation as to be the moving force that caused the ultimate injury.

63.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

64.     Accordingly, Defendant County is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

65.     Plaintiffs A.A.H., A.H, and A.I.H bring this claim individually and as successors-in-interest to Decedent, and seek both survival and wrongful death damages.

66.     Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## SIXTH CLAIM FOR RELIEF

Municipal Liability – Unconstitutional Custom, Practice, or Policy

(42 U.S.C. § 1983)

(All Plaintiffs Against Defendant County and Does 6-10)

67.     The foregoing allegations are incorporated as if re-alleged herein.

68.     Defendants Gillespie and Does acted under color of law, and their acts deprived the Decedent and Plaintiffs of their particular rights under the United States Constitution.

69.     Defendants Gillespie and Does acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant County.

70.     On information and belief, Defendants Gillespie and Does were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with

-12-

shooting and killing Decedent.

71.     Defendants County, through its policymakers and supervisors, maintained, inter alia, the following   customs, practices, and policies that proximately caused the constitutional deprivations alleged herein:

(a) Using excessive force, including deadly force without justification;

(b) Providing inadequate training regarding the use of deadly force;

(c) Furnishing deputies with firearms that have a weak trigger pull and no safeties, and therefore tend to discharge accidently;

(d) Employing and retaining as deputies individuals such as Defendants Gillespie and Does, whom Defendant County knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(e) Inadequately supervising, training, controlling, assigning, and disciplining deputies and other employees who Defendant County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(f) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by deputy sheriffs;

(g) Failing to adequately discipline deputy sheriffs for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h) Finding that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(i) Even where shootings are determined in court to be

-13-

unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

(j) Encouraging, accommodating, or facilitating a "code of silence," pursuant to which deputies do not report each other's errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other deputy's wrongdoing.

(k) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of deputy shootings, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings of unarmed people.

72. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

73. Defendant County, together with various officials, whether named or unnamed, had both actual and constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

74. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant County acted with intentional, reckless, and callous disregard for the life of Decedent and for Decedent's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant County were affirmatively linked to and were a significantly

-14-

influential force behind the injuries to Decedent and Plaintiffs. Accordingly, Defendant County is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

75.     Plaintiffs A.A.H, A.H., and A.I.H bring this claim individually and as successors-in-interest to Decedent, and seek both survival and wrongful death damages.

76.     Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## SEVENTH CLAIM FOR RELIEF

Cal. Civ. Code § 52.1 – Survival

(Plaintiffs A.A.H., A.H, and A.I.H as Successors-in Interest against All Defendants)

77.     The foregoing allegations are incorporated as if re-alleged herein.

78.     The actions of Defendants Gillespie and Does interfered through violence, threats, intimidation and coercion with the Decedent's exercise of rights guaranteed by the constitutions and laws of the United States and the State of California, including but not limited to the Fourth Amendment, the Fourteenth Amendment, the protection of Cal. Civ. Code § 43 from bodily harm, and Art. I §13 of the California Constitution.

79.     Plaintiffs A.H., A.A.H, and A.I.H bring this claim on behalf of the decedent as his successors in interest, and seek compensatory and punitive damages, and attorneys' fees, as provided by law.

80.     The County is vicariously liable pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

//

//

//

-15-

# EIGHTH CLAIM FOR RELIEF

False Arrest/False Imprisonment

(By All Plaintiffs Against Defendants County, Gillespie, and Does 1-5)

81.     The foregoing allegations are incorporated as if re-alleged herein.

82.     Defendants Gillespie and Does 1-5, while working as deputy sheriffs, and acting within the course and scope of their duties, intentionally deprived Decedent of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants Gillespie and Does 1-5 detained Decedent without reasonable suspicion and arrested him without probable cause.

83.     Decedent did not knowingly or voluntarily consent

84.     Defendants Gillespie and Does 1-5 detained Decedent for an appreciable amount of time.

85.     The conduct of Gillespie and Does 1-5 was a substantial factor in causing the harm to Decedent.

86.     As a result of their misconduct, Defendants Gillespie and Does are liable for Decedent's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

87.     Defendant County is vicariously liable for the wrongful acts of Defendants Gillespie and Does 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.     The conduct of Gillespie and Does was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

89.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs were injured. Plaintiffs have been deprived of the life-long love,

-16-

companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the life expectancy of their father. Plaintiffs also are claiming funeral and burial expenses, attorney's fees, and a loss of financial support.

## NINTH CLAIM FOR RELIEF

Battery – Wrongful Death

(Plaintiffs A.A.H., A.H, and A.I.H against Defendant Gillespie and Does 1-5)

90.     The foregoing allegations are incorporated as if re-alleged herein.

91.     Defendants Gillespie and Does 1-5, while working as deputy sheriffs, and acting within the course and scope of their duties, intentionally shot Decedent with a department-issued firearms.

92.     The shooting caused the Decedent severe pain and suffering and loss of enjoyment of life, as he ultimately died from his injuries. Defendants did not have legal justification for using deadly force against the Decedent, and the use of deadly force against Decedent was objectively unreasonable.

93.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs were injured. Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the life expectancy of their father. Plaintiffs also are claiming funeral and burial expenses, attorney's fees, and a loss of financial support.

94.     The County is vicariously liable for the wrongful acts of its deputy sheriffs pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

-17-

**TENTH CLAIM FOR RELIEF**

Negligence – Wrongful Death

(Plaintiffs A.A.H., A.H, and A.I.H against All Defendants)

95.    The foregoing allegations are incorporated as if re-alleged herein.

96.    The actions and inactions of Defendants Gillespie and Does 1-10 were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent;

(b) the negligent tactics and handling of the situation with Decedent, including failing to call backup before the traffic stop if there were in fact a legitimate concern that Decedent might be dangerous, unholstering a firearm and pointing it at Decedent when there was no justification, discharging the weapon accidentally, and other pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against Decedent;

(d) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

97.    As a proximate result of Defendants' conduct, and other undiscovered negligent conduct, Decedent lost his life. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their father's life expectancy. Plaintiffs also are claiming funeral and burial expenses, attorney's fees, and a loss of financial support.

98.    County is vicariously liable for the wrongful acts of its deputies pursuant to

-18-

section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

# PRAYER

WHEREFORE, Plaintiffs request relief as follows, and according to proof, against each defendant:

1. General and compensatory damages in amounts according to proof;

2. Special damages in amounts according to proof;

3. Exemplary and punitive damages against Defendant Gillespie each Doe defendant, not against the County of Los Angeles, in amounts according to proof;

4. Costs of suit, including attorneys' fees under 42 U.S.C. § 1988; and,

5. Such other relief as may be warranted or as is just and proper.

Dated:     December 20, 2016   LAW OFFICES OF DALE K. GALIPO

By:           /s/ Dale K. Galipo
                Dale K. Galipo
Attorneys for Plaintiff A.I.H., a minor, by and
through his guardian ad litem, Laken Tambunting,
individually and as successor in interest to
Miguel A. Hernandez, deceased

Dated:     December 20, 2016   THE LAW OFFICES OF JOHN BURTON

By:           /s/ John Burton
                John Burton
Attorneys for Plaintiffs A.A.H., a minor, and A.H.,
a minor, by and through their guardian ad litem Celia
Hernandez, individually and as successors in interest
to Miguel A. Hernandez, deceased,
Miguel Hernandez and Anna Hernandez

-20-

1  **DEMAND FOR JURY TRIAL**

2      Plaintiffs demand trial by jury.

3  Dated:     December 20, 2016   LAW OFFICES OF DALE K. GALIPO

4

5                                   By:        /s/ Dale K. Galipo

6                                              Dale K. Galipo
                                   Attorneys for Plaintiff A.I.H., a minor, by and
7                                   through his guardian ad litem, Laken Tambunting,
                                   individually and as successor in interest to
8                                   Miguel A. Hernandez, deceased

9

10  Dated:     December 20, 2016   THE LAW OFFICES OF JOHN BURTON

11

12                                  By:        /s/ John Burton

13                                             John Burton
                                   Attorneys for Plaintiffs A.A.H., a minor, and A.H.,
                                   a minor, by and through their guardian ad litem Celia
14                                  Hernandez, individually and as successors in interest
                                   to Miguel A. Hernandez, deceased,
15                                  Miguel Hernandez and Anna Hernandez

16

17

18

19

20

21

22

23

24

25

26

27

28                                       -21-